[Cite as *In re $770 in US Currency, $1,289.04 in US Currency, Safe Containing Approximately $12,500 in US Currency, $1,236 in US Currency, $177 in US Currency*, 2016-Ohio-4872.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| $770 IN US CURRENCY | Hon. William B. Hoffman, J. |
| $1,289.04 IN US CURRENCY | Hon. John W. Wise, J. |
| SAFE CONTAINING APPROXIMATELY | |
| $12,500 IN US CURRENCY | Case No. 16CA9 |
| $1,236 IN US CURRENCY | |
| $177 IN US CURRENCY | |
| | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case No. 15CV1104R |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | July 5, 2016 |
| APPEARANCES: | |


| | |
|---|---|
| For Respondent-Appellee | For Petitioner-Appellant |
| Gary L. Hood | The State of Ohio |
| NICHOLAS D. ATTERHOLT | MICHAEL C. BEAR |
| Weldon, Huston & Keyser, L.L.P. | Assistant Prosecuting Attorney |
| 76 North Mulberry Street | Richland County Prosecutor's Office |
| Mansfield, Ohio 44902 | 38 South Park Street |
| | Mansfield, Ohio 44902 |

*Hoffman, J.*

{¶1} Petitioner/Appellant the state of Ohio appeals the January 12, 2016 Judgment Entry entered by the Richland County Court of Common Pleas granting judgment in favor of Respondent/Appellee Gary L. Hood.

STATEMENT OF THE CASE

{¶2} On September 2, 2015, the state of Ohio filed a Complaint/Petition for the Disposal of Abandoned Property pursuant to Ohio Revised Code Section 2981.12, involving four different amounts of currency and also a safe containing $12,500. It is the safe and its $12,500 contents which is the subject of this appeal.

{¶3} On September 28, 2015, Appellee, through counsel, filed a motion for leave to plead.

{¶4} On October 8, 2015, the State filed a motion for partial default judgment as to the four amounts of currency other than the safe and its contents. The trial court granted the State's motion for partial default judgment via Judgment Entry on October 12, 2015.

{¶5} On October 29, 2015, the State moved the trial court for default judgment as to the safe containing $12,500. Appellee filed an Answer/Response to the Petition/Complaint on November 6, 2015.

{¶6} On November 10, 2015, the state filed a motion for summary judgment. The state attached a Financial Affidavit executed by Appellee in his criminal case on August 11, 2011, asserting he was indigent. Therein, Appellee stated his total income for the last twelve months was $12,732.00 and all his cash and bank accounts totaled $22.00. He further averred no one owed him money or held money in his name, and he had no legal

actions or claims against any persons. Appellee did not mention or assert a claim therein for the $12,500 in a safe.

**{¶7}** In the criminal action in which Appellant entered a plea of guilty to several drug offenses, Appellee had counsel appointed based upon his sworn affidavit of indigency. Appellee was not required to pay for his counsel, and his $5,000 fine was waived based upon the affidavit of indigency.

**{¶8}** Appellee filed a response to the motion for summary judgment and the state filed a surreply pleading.

**{¶9}** Via Judgment Entry on Motion for Summary Judgment entered January 12, 2016, the trial court denied the state's motion for summary judgment. The judgment entry went further and denied the state's petition for disposal of unclaimed property with regards to the $12,500 cash removed from the safe, and ordered the money returned to Appellee pursuant to R.C. 2981.11(C).

**{¶10}** The state appeals, assigning as error,

**{¶11}** "I. THE TRIAL COURT ERRED IN NOT GRANTING THE STATE'S 'MOTION FOR DEFAULT JUDGMENT' FILED ON OCTOBER 29, 2015.

**{¶12}** "II. THE TRIAL COURT ERRED IN NOT GRANTING THE STATE'S 'MOTION FOR SUMMARY JUDGMENT' FILED ON NOVEMBER 10, 2015.

**{¶13}** "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MR. HOOD DESPITE HIS NEVER FILING FOR SUMMARY JUDGMENT.

**{¶14}** "IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO MR. HOOD, AS THE INCONSISTENCIES BETWEEN HIS TWO (2) AFFIDAVITS

CREATED, AT A MINIMUM, A DISPUTED ISSUE OF MATERIAL FACT PRECLUDING THE GRANTING OF SUMMARY JUDGMENT IN HIS FAVOR."

I.,II, III. and IV.

{¶15} Appellant's assigned errors raise common and interrelated arguments; therefore, we will address the assignments of error together.

{¶16} As set forth in the Statement of the Case, supra, the state initiated these proceedings pursuant to R.C. 2981.12 for Disposal of Property.

{¶17} Ohio Revised Code Section 2981.12 reads,

(A) Unclaimed or forfeited property in the custody of a law enforcement agency, other than property described in division (A)(2) of section 2981.11 of the Revised Code, shall be disposed of by order of any court of record that has territorial jurisdiction over the political subdivision that employs the law enforcement agency, as follows:

***

(B) Unclaimed or forfeited property that is not described in division (A) of this section or division (A)(2) of section 2981.11 of the Revised Code, with court approval, may be used by the law enforcement agency in possession of it. If it is not used by the agency, it may be sold without appraisal at a public auction to the highest bidder for cash or disposed of in another manner that the court considers proper.

{¶18} R.C. 2981.11 reads,

(A)(1) Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

\*\*\*

(B)(1) Each law enforcement agency that has custody of any property that is subject to this section shall adopt and comply with a written internal control policy that does all of the following:

(a) Provides for keeping detailed records as to the amount of property acquired by the agency and the date property was acquired;

\*\*\*

(C) A law enforcement agency with custody of property to be disposed of under section 2981.12 or 2981.13 of the Revised Code shall make a reasonable effort to locate persons entitled to possession of the property, to notify them of when and where it may be claimed, and to return the property to them at the earliest possible time. In the absence of evidence identifying persons entitled to possession, it is sufficient notice to advertise in a newspaper of general circulation in the county and to briefly describe the nature of the property in custody and inviting persons to view and establish their right to it.

**{¶19}** We find R.C. 2981.11 creates a special statutory proceeding for a law enforcement agency to return property in its custody to persons entitled to possession of the property. The statute does not require Appellee to file an answer, but merely assert and establish his right to possession. The statute does not establish any formal hearing process. As such, we find the civil rules inapplicable.

**{¶20}** Special statutory proceedings are not governed by the civil rules. Civil Rule 1(C) provides,

> (A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in division (C) of this rule.

> **\*\*\***(C) Exceptions.

> These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure \*\*\*(8) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to all the statutes governing procedure in civil actions such procedure shall be in accordance with these rules.

**{¶21}** Therefore, the civil rules governing default judgments and summary judgment are not applicable herein.

**{¶22}** Rather, R.C. 2981.11(C) provides the law enforcement agency with custody of the property shall make a reasonable effort to locate persons entitled to possession of the property, notify them of when and where the property may be claimed, and to return the property to them at the earliest possible time. The statute provides, in the absence of evidence identifying persons entitled to possession, the law enforcement agency may

advertise in a newspaper of general circulation, and invite persons to view and establish their right to the property.

{¶23} Here, the Richland County Prosecutor's office recognized Appellee as the person in possession of the property at the time it was seized. We find the trial court properly found Appellee entitled to return of the property. Whether or not the information submitted in the Financial Affidavit during Appellee's criminal proceedings was false at the time it was submitted does not change the fact the only relevant evidence demonstrates Appellee was in possession of the safe and its contents at the time it was seized.

{¶24} We find the trial court properly ordered the money returned to Appellee pursuant to R.C. 2981.11(C).

{¶25} The judgment of the Richland County Court of Common Pleas is affirmed.


By: Hoffman, J.

Farmer, P.J. and

Wise, J. concur